ANDREA T. MARTINEZ, United States Attorney (#9313)
MARGOT JOHNSON, Assistant United States Attorney (#24062891 TX)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

_____

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERT GEORGE MOYE,<br>a/k/a ALBERT EDWARD HILL,<br><br>Defendant. | **UNITED STATES' MOTION FOR DETENTION**<br><br><br><br>Case No. 2:22-CR-00142<br><br>Magistrate Judge Dustin Pead |

☐     The United States is not seeking detention.

☐     Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒     The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒     Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐     **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B)

(specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☒ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or]**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**
☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

### Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days.  18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained.  *Id*.  The rules concerning the admissibility of evidence do not apply at the detention hearing.  *Id*.  The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

2

### Rebuttable Presumption

☒  A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption.  The United States acknowledges that it retains the burden of persuasion.  The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒  Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒  **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐  **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐  **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐  **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐  **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

3

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device.  (18 U.S.C. § 3142(g)(1)).

☒  The weight of evidence against the defendant.  (18 U.S.C. § 3142(g)(2)).

☒  The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).

☒  Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).

☒  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

☐  The defendant's lack of legal status in the United States.  The defendant's legal status is:

☐  How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐  The defendant's significant family or other ties outside of the United States.

☒  The defendant's use of aliases or false documents.

☒  The defendant's prior attempts to evade law enforcement.

☒  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☒  The defendant's prior failures to appear for court proceedings.

☒  Other reasons including:

The United States moves for detention based on current information.  The United States reserves the right to assert additional positions, raise additional arguments, and file additional pleadings in support of detention.  Factors to be considered by the Court with regards to whether the Defendant has presented evidence to rebut the presumption and whether the United States has met its burden include: (1) the nature and circumstances of the offense charged (18 U.S.C. § 3142(g)(1)); (2) the weight of evidence against the

4

defendant (18 U.S.C. § 3142(g)(2)); (3) the history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings (18 U.S.C. § 3142(g)(3)(A)); (4) whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law (18 U.S.C. § 3142(g)(3)(B)); (5) the nature and seriousness of danger to any person or to the community that would be posed by the defendant's release (18 U.S.C. § 3142(g)(4)); (6) the defendant's lack of legal status in the United States; (7) the defendant's significant family or other ties outside of the United States; and (8) how the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

Here, the Defendant is a 48 year United States citizen. At the time of his arrest, he was living in an apartment in Salt Lake City, Utah and was distributing narcotics from that apartment and was also using his apartment as a place to prepare for financial related offenses. Specifically, in the indictment he has been charged with distributing methamphetamine on March 30, 2022 and on April 6, 2022, both of these charges stem from conduct that took place at his residence. Additionally, on April 15, 2022 when law enforcement executed a search warrant at his apartment, law enforcement located numerous other items which are of concern: a large amount of U.S. currency, a small amount of methamphetamine, orange pills, orange capsules, a pill press, a money counter, and Glock 22, .40 caliber handgun and ammunition. This handgun was also observed during one of the instances that the Defendant sold methamphetamine. Further, a search of the residence revealed blank financial cards, two credit card presses, an embosser, and driver's license cards which the Defendant indicated post-*Miranda* were at the residence because he wanted to stop selling drugs and focus on financial fraud crimes. Here, the nature and the circumstances of the crimes charged are serious and favor detention as the defendant was trafficking in narcotics on a consistent basis and also possessed a firearm as a previous felon. It is further aggravated because it appears the Defendant was working to become involved in different types of criminal activity.

The Defendant has an extensive criminal history that spans the last twenty years and through multiple jurisdictions. It also appears that his criminal behavior keeps repeating itself. The Defendant has convictions in Utah for possession of drug paraphernalia, possession of a controlled substance (two cases), theft by deception, possession of another's identification, possession of a controlled substance with intent to distribute, possession of a forged writing device, unlawful acquisition of a financial card, and forgery. In federal Court the defendant has convictions for felon in possession of a firearm and production of counterfeit identification documents. In addition to this he also has a criminal history in Nevada. Defendant's history clearly shows that he poses a danger to the community if he was released.

The Defendant's criminal history also shows that there is no condition or combination of conditions that can be imposed in this case in order to ensure his appearance and keep the community safe. The Defendant's history shows that he does not remain compliant with conditions imposed on him, whether pre or post-conviction.

When reviewing the weight of the evidence against the Defendant this factor weighs in favor of detention. The Defendant sold methamphetamine on two occasions while he was being monitored by law enforcement. A search of his residence revealed a Glock 22. .40 caliber handgun and ammunition. Post-*Miranda* the defendant admitted to trafficking in narcotics and possessing the firearm knowing he was a felon who was restricted.

For all these reasons, the United States moves for detention in this case as the Defendant cannot rebut the presumption that there is no condition or combination of conditions that will reasonably assure his appearance as required and there is no condition or combination of conditions that will reasonably assure the safety of the community. As such, the United States Attorney's office respectfully requests that the Defendant be ordered detained pending his criminal case.

### Victim Notification

☐  The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is:

☐  The victim(s) in this matter seek(s) a no contact order.

☒  This matter does not involve a victim requiring notification.

DATED this 26th day of April, 2022.

ANDREA T. MARTINEZ
UNITED STATES ATTORNEY

*/s/ Margot Johnson*
Margot Johnson
Assistant United States Attorney

6